We'll hear argument next in No. 22-337, United States v. Key. We'll wait for counsel to come to the front of the room. Okay. Mr. Bryan. Good morning, Your Honor. May I please the Court? I represent Roger Key. I'd like to focus my discussion with the Court this morning on Point 2 of the counsel brief on the forfeiture issue and rely on the briefs for the remaining issues. Mr. Key asserts three arguments as to the forfeiture order. First, that the government waived its right to seek the forfeiture order. Second, that on remand to the District Court, the issuance of the forfeiture order exceeded this Court's mandate after the first appeal. And third, that imposing the forfeiture order where there had not been forfeiture before constituted a violation of due process after a successful appeal. Turning to the first argument, this was an intentional waiver. There was no question in the What about the defense asked for de novo in the sentencing? De novo means de novo. Yes. De novo. And I think this may even think about this and think about what case law on it. I know the argument I think I'm making here is novel. And that is when you're saying de novo, you're saying it in a context. And actually, I think returning to Quintieri. In Quintieri, first of all, Quintieri says there are exceptions to a general rule. What's the general rule? It's actually law of the case. So when there's a successful appeal, as there was here, and there's a remand, there had been all prior rulings here. And there was a prior ruling as to forfeiture that the government hadn't met Rule 32.2. There wasn't a prior ruling on the merits of the claim for forfeiture. The government wanted to submit, wanted forfeiture. It didn't have an order. Defense counsel objected. I suppose the sentencing could have been adjourned. The court elected to go forward. But there was no ruling that this is a meritless claim for forfeiture. Well, there need not be a ruling on the merits because the government then expressly waived by saying, no, Judge, go forward, proceed. We are not going to seek the forfeiture order. So the government says we're going to proceed with sentencing and you can impose a sentence. All of the decisions that are made for that sentence are also, I suppose, law of the case. But when you have a de novo resentencing, you do it over again, don't you? So why is the forfeiture piece of it binding but the other pieces of the sentence are not? Well, and so turning to exactly that issue, and Quintieri, so that I would say we look at the general rule, and that is you do not revisit issues. But then you look at Quintieri, and Quintieri says, but there are exceptions. There's an exception here. That's the predominant one that applies. And that is whether the remand, when you vacate a conviction, and there are other kinds of conviction, does it undo the knot of calculation? Is the factual mosaic, as used in the case law, changed? Answer is, yes, as to the term of imprisonment. And that was what was de novo. But that's conclusory. I mean, forfeiture is also a form of punishment. When one imposes sentence, although one is predominantly thinking about imprisonment in reality, it is also the case that forfeiture is a component of the overall punishment analysis. In effect, if you're saying that it was an error here to consider forfeiture, the remedy here would be then to remand to the district court to potentially up the prison sentence because in the aggregate of punishment, the judge may have put a little bit of weight on the forfeiture piece. That can't be what you want. No, of course not. And the argument here is actually, yes, they are both part of the sentence, but they are unrelated components of the sentence. But that's not right. I mean, one has to look at the overall 3553A factors and the need for just punishment being one of them to the extent that other dimensions of the sentence, including forfeiture, are punitive. That bears on the just imprisonment sentence. If you're looking at untangling the knot, the forfeiture is a part of that knot. I would argue that the difficulty in this case is we don't know that. We don't know what was considered and why by the district court judge. Was that put together as part of the knot of calculation? Or was it simply that the knot of calculation dealt with the issue of the term of imprisonment, which it should have? And then forfeiture. And here, also, forfeiture, there was no forfeiture allegation on count five, which was the 924C count that was vacated. So we do not have, I submit, a change in circumstances here. The government argues, and this is another exception in the quintiary. But it also goes from a life sentence to a 45-year sentence, right? I'm sorry? On the term of imprisonment, it goes from a life sentence to a 45-year sentence, right? It does. It does. So there's no change in circumstances. Do you think that's inappropriate? The change in circumstances. So it's going to be a life sentence? It means it's an over sentencing, right? So there's going to be a new sentence. The change in circumstances argued by the government here is actually it's change in legal position. And that is we recognize we violated Rule 32.2 in the first sentencing. We've complied with it in the second sentencing. That's the change in circumstances. My argument is that's not the type of change in circumstances that is contemplated under the case law as justifying an increase in a sentence. And I think we're merging it to the due process question. Isn't it an increase in a sentence? So if you go from life imprisonment to 45 years plus the forfeiture order, which one is greater? Yeah, I mean, that's a who knows, honestly. So you can't say that there actually is an increase sentence here, right? Well, I would say the argument is that there is because in this context, because they are unrelated components, the contention is you have to look at the component. If a district court decided that the term of imprisonment was enough to ensure adequate deterrence and no greater than necessary and all of that, could they then go ahead and add on forfeiture? I would say if it's said. If it's said, I think this is necessary to agree. Forfeiture is also necessary, right? The district court has to look at the whole sentence and determine whether it's a package. They can't just gratuitously add on forfeiture as if it's unrelated to the term of imprisonment. Well, look, and the argument here is viewing what happened, what was said, how it was handled. Sentencing was considered separate. And then moving to the forfeiture order, which then there wasn't much on, just simply on adopting the pre-sentence investigation report on the amount. So, again, we're getting into the argument here is looking back at quintiary. And we're saying exceptions to the general rule. So it must fit within the exception. And the argument here, and I'm saying, again, novel, is what does it mean? It is correct, and it should be the case, you have to have the case, when the remand undoes the not of calculation. But my argument here now is then not of calculation of what? So if you're right, but just indulging that you're correct that the district court lacked authority on account of the government's quote-unquote waiver to impose forfeiture. The remedy here is not simply for us to strike the forfeiture. It's to remand for resentencing with the district court presumably having the ability to impose a higher imprisonment term now that this other component of the integrated sentence was eliminated. Well, let me be clear. We're not arguing for that. Logically, that has to be right, doesn't it? I don't. I say, I argue no, that they are independent components. If the court were to say I'm wrong, that they are not independent components, then it should affirm. In other words, as among the menu options of affirm and keep both the forfeiture and the 45 years in place versus vacate the forfeiture component and remand for resentencing, you'll take the number one. Well, I'm saying that the argument is as to what error is here. And if this court does not accept my argument as to what error is, then it should affirm. Are there any other questions? Okay. Thank you very much, Mr. Brian will turn to the government. Good morning, and may it please the court. My name is Lisa Daniels, and I represent the United States in this appeal. I'd like to start with the appellant's argument that he is making a novel argument here and proposing that the courts consider a different approach to de novo resentencing in light of a remand based on Davis. Now, the appellant's argument is not in fact novel. This is an argument that has been presented to this court before and has been rejected before. It has been presented both in Regas and in other cases, including more recently Mendoza. In Regas, the court rejected an argument that the law of the case doctrine and Quintieri permit complete resentencing only where the spirit of the mandate requires as much. That is where the reverse, reversed portion of the conviction is inextricably linked to the remainder of the conviction. The court in Regas made clear that that is not in fact the rule. De novo resentencing, as Judge Chin pointed out, means just that. It means de novo resentencing. As the previously imposed sentence is then a legal nullity. There is, in fact, no sentence, and the district court must sentence anew, constructing the sentence from all component parts, which does include forfeiture. More recently in Mendoza, the court has rejected the same argument again. They're in a resentencing where a 924 C count of conviction was vacated on on resentencing. Probation included a sentencing enhancement related to firearms use for a different counts. Why wasn't it waived in light of the government's withdrawing the claim the first time here? As I believe your honor had pointed out in light of the fact that this is a de novo resentencing, Quintieri makes clear as does Regas that any issues that were not previously waived or that even had that were not previously raised or had even been waived could be considered in the district court. Even waived issues can be raised if it's de novo resentencing. Yes, your honor. And you're turning back to Mendoza where that sentencing enhancement was applied by probation and considered. So even if in the first proceeding the government said we don't want forfeiture, we don't think we have a basis for asking for it, we're not pursuing it, on the resentencing they could say actually we've reconsidered and now we have a basis for it and we want forfeiture. It would depend, your honor, because of course forfeiture needs to be pegged to the proceeds of a conviction. But here I don't think we need to speculate. The government, in fact, did note that it intended to seek forfeiture and that there was a basis for forfeiture. In terms of the hypothetical, like if the government in the first proceeding said we don't have a basis for it, we're not going to pursue it, we don't think it's appropriate on the resentencing, could they change their mind on that? It would depend in terms of the basis for which the government represented that forfeiture could not be ordered. There might be a better vindictiveness argument in that circumstance, I suppose. Perhaps. I think it relates to whether there is, in fact, property that could be subject to forfeiture or whether this was simply a procedural mistake or error such as here where certain procedural steps had been taken. You're saying that actually if it was determination the first time around that there wasn't a basis for forfeiture, the government would not be able on the second time around to say actually it turns out that there is? I think it is simply just if there is no property that is subject to forfeiture, if the facts do not support it pursuant to the statute. I support that you can't have forfeiture, but I'm asking about the interaction of this waiver idea. If the government forswore it the first time, the circumstances under which it can't change its mind. If I understand your question correctly, Your Honor, I believe yes. So as here where there is a procedural error and that is the only bar to the imposition of forfeiture, then to the extent that there is a remand and that remand is de novo, then the issue of forfeiture is then presented before the court anew, just as like a fine or the partial term of imprisonment. Because there is, in fact, no component of that sentence in the sentence. So why would the government forswore it for procedural reasons the first time or for substantive reasons the first time? If it's a de novo resentencing, isn't it just de novo? It is, Your Honor. I think I'm just trying to make that fine distinction between whether there is, in fact, a legal basis for forfeiture, such as property that is traceable to the subject of offense, where, of course, there's no property traceable to the subject of offense or other property or funds that could be forfeited. Then, of course, it's a separate issue than what we're dealing with here. In other words, if the government waived it in some context, say in exchange for a benefit in a plea agreement, the government would still be bound at a resentencing. But in this context, I take it you're saying we always intended to seek forfeiture. We basically forgot to prepare for it. And at the end of the day, the guy had no money. It wasn't worth delaying the sentencing and conveniencing everybody. But it wasn't because we had lost an interest in it. We just made a judgment in the arena. Not worth it. Exactly, Your Honor. The government did try to include forfeiture in the sentence that it sought at the initial sentencing. But exactly as Your Honor pointed out, there were some procedural missteps that precluded the court from being able to impose forfeiture at that time. And why did the government not say, we'll take you up on your invitation, Judge Stein, to defer sentencing so we can cross our T's and dot our I's? Why did the government determine it wasn't worth it? I was not part of the proceeding below, and I don't exactly want to speculate in terms of what was in the heads of the government at that time. But I think as Your Honor pointed out, there were certainly greater considerations in terms of the sentence here. And perhaps reasons of achieving the just sentence through other components of that sentence. Were there assets or other money or assets that could have been that were forfeited? The district court in the sentencing below noted that there were in fact no assets. I believe that was also reflected in the PSR. And with respect to the resentencing, the district court did not impose a fine in light of the fact that there was no ability to pay that fine. This is somewhat academic. Yes, Your Honor. I believe that it is academic in that sense. I'd like to discuss briefly. One point here, which is with respect to. The changing circumstances in the line of cases related to Alabama. And simply, it is not the case that a counter conviction would not qualify as a change of circumstances. It indeed does. And this court said as much in Winegarden, unless the court has any further questions, the government would rest on its mission. Thank you very much. Miss Daniels will turn back to Mr. Brian. Thank you. I'll just make one point. And I think if there isn't a wrinkle in this case that takes it out of the ordinary circumstance, it is the waiver situation here. And we do have an affirmative act in the court by the government in the court below. And I'd just like to cite to this court's opinion in County of Suffolk. Where this court said it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as a as regard to the law of the case than one who had argued and lost. We have here. We have absolute waiver in the district court. No cross appeal to this court forfeiture issue never before this court. The sole issue considered by this court was 924 C, whether to vacate and remand for resentencing in that context where it affected the term of imprisonment. So it's it's with that added wrinkle. I submit that that the district court was bound to. With its ruling under the law of the case to again say this is waived. Thank you. Thank you very much, Mr. Brian. The case is submitted. Because that is the last case on our calendar this morning.